Matter of Rodriguez v New York State Dept. of Motor Vehs. (2019 NY Slip Op 01670)





Matter of Rodriguez v New York State Dept. of Motor Vehs.


2019 NY Slip Op 01670


Decided on March 7, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 7, 2019

Friedman, J.P., Sweeny, Richter, Oing, Moulton, JJ.


8651 100728/18

[*1]In re Luis Rodriguez, Petitioner,
v
New York State Department of Motor Vehicles, Respondent.


Luis Rodriguez, petitioner pro se.
Barbara D. Underwood, Attorney General, New York (David Lawrence III of counsel), for respondent.



Determination of respondent, dated April 4, 2018, affirming a decision of the Administrative Law Judge, which, after a hearing, found that petitioner violated Vehicle and Traffic Law (VTL) § 1111 and § 1225-c, and imposed an aggregate fine of $240, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order, Supreme Court, New York County [Carmen V. St. George, J.], entered July 19, 2018), dismissed, without costs.
The finding that petitioner drove through a red light, in violation of VTL § 1111, and used a hand-held mobile telephone while driving, in violation of VTL § 1225-c, is supported by substantial evidence (see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights , 45 NY2d 176, 180-181 [1978]). The police officer testified at the hearing that he observed petitioner turn left at a red traffic light, and use a hand-held cell phone close to his ear while the vehicle was in motion. The officer further testified that he inspected the traffic lights, before and after issuing the summonses and found that they were properly working. The ALJ's credibility findings in rejecting petitioner's testimony that he stopped for the red light at the intersection and used a hands-free cell phone system should not be disturbed (see Matter of Berenhaus v Ward , 70 NY2d 436, 443-444 [1987]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 7, 2019
CLERK